IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY JOHNSON, | : | CIVIL ACTION |
|    Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT OF | : | |
| SCI-HUNTINGDON, et al., | : | |
|    Respondents | : | No. 07-CV-1249 |

### REPORT AND RECOMMENDATION

**TIMOTHY R. RICE**
**U.S. MAGISTRATE JUDGE**                                                                    **June 14, 2007**

      Petitioner Anthony Johnson, a prisoner at the State Correctional Institution at Huntington, has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the following reasons, I respectfully recommend his petition be DENIED with prejudice as untimely under § 2244(d)(1).[1]

### FACTUAL AND PROCEDURAL HISTORY

      On January 7, 2003, in the Court of Common Pleas of Philadelphia County, Johnson pleaded guilty to two counts of murder, and one count each of robbery and possession of an instrument of crime.  That same day Johnson was sentenced to life imprisonment.  Johnson did not file a direct appeal.  On December 18, 2003, Johnson filed his pro se petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq.  The PCRA court denied the petition, and Johnson appealed.  The Superior Court of Pennsylvania

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C.A. fol. § 2254.  Because the determination of the timeliness of Johnson's petition is clear from the petition, a response was not ordered.

denied the appeal on October 4, 2005.  Johnson filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which denied the request on March 10, 2006.  Johnson sought further review through a petition for a writ of certiorari with the Supreme Court of the United States, which denied his petition in November, 2006.

Johnson's federal petition for a writ of habeas corpus, signed on March 20, 2007, was filed on March 28, 2007 - - more than four years after his judgment of sentence became final.  Johnson's petition alleges: (1) multiple grounds of ineffective assistance of counsel and (2) his guilty plea was involuntary.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period for filing applications for writs of habeas corpus.  28 U.S.C.A. § 2244(d)(1).  It provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal; or
>
> (D) the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence.

Section 2244 further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Johnson's judgment of sentence became final on February 6, 2003, thirty days after he was sentenced since he did not file a direct appeal. See Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (citing Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (judgment final after the expiration of the time for seeking certiorari has expired whether or not review is actually sought)).[2] Absent tolling, Johnson was required to file his federal habeas petition on or before February 6, 2004. Johnson's federal petition was filed on March 20, 2007,[3] and is untimely unless he can establish the limitations period was tolled through March 20, 2007.

The limitations period may be tolled during the time a state collateral proceeding is pending if the collateral petition was properly filed under state law. 28 U.S.C. § 2244(d)(2). A properly filed state petition is one "submitted according to the state's procedural requirements, such as the rule governing the time and place for filing." Lovasz v. Vaughn, 134 F.3d 146, 148

---

[2] Under Pennsylvania law, a petitioner has thirty days from the entry of the order of the lower court to file his appeal with the Superior Court. Pa. R. App. P. 903. Moreover, a judgment of sentence becomes final at the conclusion of a direct appeal, including discretionary review, or when the time for appeal has expired. Commonwealth v. Herrold, 776 A.2d 994, 997 (Pa. Super. 2001).

[3] The earliest date Johnson's federal petition can be deemed filed is March 20, 2007, the date on which Johnson's petition was signed. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("a pro se prisoner's petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court").

(3d Cir. 1998).  The limitations period is not tolled, however, while a petitioner seeks a writ of certiorari in the Supreme Court of the United States following the state court's denial of a collateral attack.  Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007).

After Johnson's judgment of sentence became final on February 6, 2003, 315 days of his limitations period passed before he filed his PCRA petition in state court on December 18, 2003.[4]  Following the completion of state court review of Johnson's PCRA petition, which had tolled Johnson's federal limitations period from December 18, 2003 until March 10, 2006, an additional 375 days elapsed before Johnson signed his federal habeas petition.  As a result, Johnson's limitations period ended no later than April 30, 2006, rendering his March 20, 2007 federal habeas petition untimely.[5]

Nor can Johnson satisfy any of the exceptions to the limitations period set forth in § 2244(d)(1)(B)-(D).  Johnson does not assert any claim that relies on a new rule of retroactively applicable constitutional law, does not allege any state action prevented him from filing his petition, and the factual predicates upon which his claims are based concern events that took place during his violation of probation proceedings and were discoverable in the exercise of due diligence.

Likewise, Johnson does not present any extraordinary circumstance beyond his control

---

[4] Johnson signed his PCRA petition on November 26, 2003.  The 22-day difference between the signature date and the timestamp on the petition does not alter the untimeliness analysis because Johnson's federal petition is more than 300 days late.

[5] Even without the precedent in Lawrence, 126 S. Ct. at 1083, Johnson waited 110 days to file his federal petition after the Supreme Court of the United States denied his petition for a writ of certiorari.  When added to the 315 days Johnson waited to file his PCRA petition after his judgment of sentence became final, the additional 110-day delay renders Johnson's federal petition untimely.

that would meet the judicially established criteria for disregarding the limitations period pursuant to the doctrine of equitable tolling. A litigant seeking equitable tolling must prove: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 617-18 (3d Cir. 1998) (petitioner must show he exercised reasonable diligence in bringing his claims; mere excusable neglect is not sufficient). Johnson does not allege any extraordinary circumstances prevented a timely-filed petition.

As a result, Johnson cannot meet the heavy burden, and his petition is not subject to equitable tolling.[6]

---

[6] Johnson's pro se PCRA petition - - attached to his federal habeas petition - - alleged he needed the help of a literacy aid to complete the petition, and that Johnson did not understand the legal theories he was asserting. Even if Johnson raised this lack of knowledge to support equitable tolling of the federal limitations period, his claim would fail. Johnson cannot show his lack of legal training or lack of an attorney is an extraordinary circumstance. See Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (equitable tolling inappropriate where petitioner alleged lack of legal resources and legal knowledge); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law does not excuse untimely filing) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process because of illiteracy does not merit equitable tolling); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (ignorance of the law is an inadequate justification); United States v. Bruce, 2002 WL 31757938 at *1 (D. Del. Nov. 26, 2002) (internal citations omitted) (ignorance of the law or lack of legal skill are insufficient to warrant equitable tolling); Land v. Carroll, 402 F. Supp. 2d 514, 518 (D. Del. 2005) (internal citation omitted) (mistakes or miscalculations of the one-year limitations period made by pro se petitioner do not warrant equitable tolling).

Even allegations of mental illness rarely justify equitable tolling. Compare United States v. Harris, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003) (internal citations omitted) (Dalzell, J.) (a mental condition "that burdens but does not prevent a prisoner from filing a timely petition does not constitute 'extraordinary circumstances' justifying equitable tolling"), with Graham v. Kyler, 2002 WL 32149019 at *7 (E.D. Pa. Oct. 31, 2002) (internal citations omitted) (Giles, J.) (illiteracy, diagnosed psychiatric disorder, and inability to engage in abstract reasoning justifies equitable tolling). Similarly, language barriers do not warrant equitable tolling. See Ortega-Espinoza v. Blackletter, 2006 WL 1277564 (D. Or. May 4, 2006) (refusing to find equitable tolling where illiterate, Spanish-speaking petitioner was denied assistance with filing

Having determined that this petition is untimely and fails to meet any exception to the limitations period of §2244(d)(1), I make the following:

**RECOMMENDATION**

AND NOW, this 14th day of June, 2007, it is respectfully recommended that the petition for a writ of habeas corpus be DENIED with prejudice. It is also RECOMMENDED that a certificate of appealability not be granted.

BY THE COURT:

/s/ Timothy R. Rice
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

his petition) (citing German v. United States, 209 F. Supp. 2d 288, 293 (S.D.N.Y. 2002) (petitioner's inability to understand English and lack of law library with Spanish books are not extraordinary circumstances)).